MATTHEW T. DUSHOFF, ESQ.
Nevada Bar No. 004975
**KOLESAR & LEATHAM, CHTD.**
400 S. Rampart Boulevard, Suite 400
Las Vegas, NV 89145
Telephone:   (702) 362-7800
Facsimile:    (702) 362-9472
E-Mail:        mdushoff@klnevada.com

     and

DORAN ARIK*, ESQ.
**INSTITUTE FOR JUSTICE**
901 N. Glebe Road, Suite 900
Arlington, VA  22203
Telephone:   (703) 682-9320
Facsimile:    (703) 682-9321
E-Mail:        darik@ij.org

TIM KELLER*, ESQ.
**INSTITUTE FOR JUSTICE**
Arizona Chapter
398 South Mill Avenue
Suite 301
Tempe, AZ 85281
Telephone:   (480) 557-8300
Facsimile:    (480) 557-8305
E-Mail:        tkeller@ij.org

*Admitted pro hac vice

Attorneys for Plaintiffs
**LISSETTE WAUGH AND WENDY ROBIN**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LISSETTE WAUGH AND WENDY ROBIN,<br>Plaintiffs,<br><br>vs.<br><br>NEVADA STATE BOARD OF COSMETOLOGY,<br>Defendant. | Civil Action No. 2:12-cv-1039<br><br><br>**JOINT [PROPOSED]**<br>**PROTECTIVE ORDER** |

**Protective Order**

Upon the consent of counsel for both Plaintiffs and Defendant in the above-captioned matter, and for good cause shown, their Joint Motion for Protective Order is GRANTED.

It THEREFORE ORDERED, pursuant to Fed. R. Civ. P. 26(c), that the Confidential Information, as defined below, produced in this case by Plaintiffs Lissette Waugh and Wendy Robin and by the Defendant Nevada State Board of Cosmetology (hereafter the "Parties") shall be kept confidential and filed only under seal, absent consent from the disclosing party to file that information in open court. Good cause is shown for this Order because the Confidential Information may contain trade secrets, confidential commercial, and/or propriety information that would unduly prejudice the Parties if disclosed to any person not authorized by this Order to receive such Confidential Information.

It is FURTHER ORDERED that:

**Definitions of "Confidential Information" Subject To This Order**

1. As applied to Plaintiffs, and for purposes of this Order only, the term "Confidential Information" shall mean any instructional materials, student handouts, lecture notes, lecture summaries, and/or mid-course or final examinations.

2. As applied to Defendant, and for purposes of this Order only, the term "Confidential Information" shall mean any written examination, whether authored by Defendant or obtained from a private third-party, to test applicants for any license issued by Defendant, including renewal exams, and any accompanying documents including, without limitation, any and all explanations, questions, alternative questions, parts, subparts, and answer keys.

**Designation of Confidential Information**

3. Confidential Information shall be produced separate from other materials and labeled "Confidential."

4. Where practical, the Producing Party shall designate Confidential Information in document form by stamping or otherwise marking every page of the document "Confidential" or some similar language. Other forms of Confidential Information shall be

so marked in any other reasonable manner appropriate to the form in which the Confidential Information is produced.

5. Confidential Information shall not be disclosed, copied, or otherwise disseminated except as provided in this Order.

6. If a Party initially produces Confidential Information for inspection, no marking need be made by the Producing Party in advance of the inspection. After documents are selected for copying, the Producing Party may appropriately mark the copies of the selected documents as confidential before such copies are produced.

7. Counsel may designate information disclosed during a deposition as "Confidential Information" by stating on the record before the conclusion of the deposition that the deposition contains Confidential Information. Within 30 (thirty) days after the completion of the transcript of such deposition (as certified by the court reporter), Counsel for the Producing Party shall designate portions of the transcript as "Confidential" in a written notification served on opposing counsel. Written notification of information designated as Confidential Information shall identify the specific pages and lines of the transcript that contain the Confidential Information. Counsel for each party shall attach a copy of such notification to the face of the transcript and to each copy of the transcript. In addition, the portion of the deposition transcript containing Confidential Information shall be stamped with the appropriate designation.

8. In all other cases, designation of Confidential Information shall be made at the time of production.

9. Should any Party to whom Confidential Information is disclosed object to the designation of such information as Confidential Information, that Party shall notify the Producing Party making the designation, in writing, and request that the Party re-classify the document, information, or testimony. If such re-classification is not forthcoming within ten (10) days, the objecting Party may apply to the Court. Until the Court rules to the contrary, all materials designated "Confidential" shall be treated as such as described in this Order.

**Persons Authorized To Receive Confidential Information**

10. Confidential Information may be disclosed under seal to the Court and court personnel in this action, to court reporters, and to the attorneys of record in the above captioned proceeding and their paralegals and/or assistants.

11. Confidential Information may also be disclosed to a third-party consultant or independent expert retained in connection with this action, but Confidential Information shall not be duplicated by such persons or used for any other purpose outside this litigation.

12. No person shall attend portions of depositions at which Confidential Information is disclosed unless such person is an authorized recipient of Confidential Information under the terms of this Order.  If, during the course of a deposition, the response to a question would require the disclosure of Confidential Information, the witness may refuse to answer or counsel for the Party whose Confidential Information would be disclosed may instruct the witness not to answer, or not to complete the answer, as the case may be, until any persons not authorized to receive such information have left the room.

13. No Confidential Information will be disclosed to Plaintiffs or to any member of the Nevada Board of Cosmetology.

14. Nothing in this Order shall prohibit counsel from disclosing a document containing Confidential Information to the person the document identifies as an author or recipient of such document, or to any person (including third-party witnesses) for which prior written approval for disclosure has been granted by the Producing Party.

15. A Party's use for any purpose of its own documents, which that Party produces in this action, shall not be considered a violation of this Order.

**Permissible Uses of Confidential Information**

16. All Confidential Information produced by, or discovery responses of, any Producing Party in these proceedings, as well as all deposition testimony in these proceedings, that are designated as "Confidential" shall be used only for purposes of this litigation and not for any other purpose.

1     17. If counsel wishes to disclose Confidential Information to any person not described
2  in Paragraph 10 above, counsel shall request approval for that disclosure in writing from the
3  Producing Party's counsel.  If counsel objects to that disclosure, then no such disclosure
4  shall be made unless ordered by the Court.

5     18. Counsel shall retain no copies of Confidential Information, in electronic or any
6  other format, after this litigation is completely resolved.

7     19. Upon final termination of this action, including any and all appeals, counsel of
8  record shall return to the Producing Party all Confidential Information within thirty (30)
9  days of receiving written notice of final termination of this lawsuit.

10    20. The termination of proceedings in this action shall not, however, relieve counsel
11 from the obligation of maintaining any confidentiality mandated or required under this
12 Order.

**Manner of Filing**

14    21. Any Confidential Information subject to this Order that is filed with the Court shall
15 be filed in accordance with local rules and ECF filing procedures governing the filing of
16 documents under seal.

17    22. If any Confidential Information subject to this Order is made part of any other
18 document filed with the Court, two copies of that document will be filed: a full copy filed
19 under seal and a separate copy in which the information subject to this Order has been
20 redacted.

21    23. If any Confidential Information subject to this agreement is used in a deposition or
22 made an exhibit to a deposition, then the Confidential Information subject to this agreement
23 shall be segregated and placed in a sealed envelope marked "Confidential" and not opened
24 or disclosed to other individuals unless ordered by the Court or by agreement of the
25 undersigned counsel.

**Rights Reserved**

27    24.  Any Party may apply to the Court for a further protective order relating to any other
28 material or information for use at trial or relating to any discovery in this litigation.

1   25. Any Party may object to the production of documents it considers not subject to
2   discovery.
3   26. Any Party may apply to the Court for an order compelling production of documents
4   or modification of this Order or for any order permitting disclosure of Confidential
5   Information material beyond the terms of this Order.
6   27. Notwithstanding anything to the contrary that may be set forth herein, the parties
7   understand that the Court shall retain the authority to modify this Order upon good cause
8   shown.
9   28. Appropriate sanctions may be sought for any violation of this Order.
10  29. This Order shall take effect immediately.

12  IT IS SO ORDERED.

13  _____
    GEORGE FOLEY, JR.
14  Unites States Magistrate Judge

15  DATED: September 17, 2012

17  **HAVING SEEN AND AGREED:**

18  DATED this 14th day of September 2012.   DATED this 14th day of September 2012.

19  **INSTITUTE FOR JUSTICE**                **CATHERINE CORTEZ MASTO**

20  By: /s/ Doran Arik                        By: /s/ Sarah A. Bradley
    DORAN ARIK*, ESQ.                         SARAH A. BRADLEY
21  901 N. Glebe Road, Suite 900              Deputy Attorney General
    Arlington, VA  22203                      Nevada Bar No. 9981
22  Telephone:   (703) 682-9320               100 North Carson Street
    Facsimile:   (703) 682-9321               Carson City, NV  89701-4717
23                                            (775) 684-1213

24  TIM KELLER*, ESQ.                         Attorneys for Defendant
    **INSTITUTE FOR JUSTICE**                 Nevada State Board of Cosmetology
25  Arizona Chapter
    398 South Mill Avenue
26  Suite 301
    Tempe, AZ 85281
27  Telephone:   (480) 557-8300
    Facsimile:   (480) 557-8305
28

1  MATTHEW T. DUSHOFF, ESQ.
   Nevada Bar No. 004975
2  400 S. Rampart Boulevard, Suite 400
   Las Vegas, NV 89145
3  Telephone:   (702) 362-7800
   Facsimile:   (702) 362-9472
4
   *Admitted pro hac vice.
5
   Attorneys for Plaintiffs
6  Lissette Waugh and Wendy Robin

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28